**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3467-19

KATHLEEN GARNER,

     Plaintiff-Respondent,

v.

PACIFIC LANDING, LLC,

     Defendant-Appellant.

_____

Submitted July 6, 2021 – Decided December 10, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-000126-20.

Vincent J. D'Elia, attorney for appellant.

Respondent has not filed a brief.

The opinion of the court was delivered by

SMITH, J.A.D.

After a non-jury trial, the court entered judgment in the amount of $4,590.78 against defendant Pacific Landing, LLC, a non-profit housing corporation. Defendant appeals, and we affirm in part. However, because the trial judge incorrectly applied the law under N.J.S.A. 46:8-21.1, we vacate the judgment and remand the matter to the trial court to enter an amended judgment in the amount of $3,224.52.

Plaintiff, Kathleen Garner, was defendant's tenant from March 1, 2016, to May 31, 2019, when she was evicted. Plaintiff did not appeal the eviction. On January 30, 2020, plaintiff filed a pro se complaint against defendant to recover her security deposit, seeking $1,591.26 plus costs. The trial court took testimony from Garner as well as June Jones, defendant's executive director, and made findings. Defendant testified that it did not correspond with plaintiff after lease termination to return all or part of her security deposit, nor did it produce receipts or other competent evidence to support any set-off for property damage caused by plaintiff. The court found defendant violated N.J.S.A. 46:8-21.1, the Security Deposit Act (SDA), in failing to return the security deposit, adjusted for lease related expenses, within thirty days of lease termination. The trial court ordered judgment for plaintiff in amount of $4,590.78, which represented three times plaintiff's original security deposit, plus costs.

A-3467-19

Defendant appeals, arguing the trial court miscalculated the amount due plaintiff by awarding treble damages, and that the court also failed to set-off the value of property damage allegedly caused by plaintiff against the award under the SDA.

"The scope of appellate review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). Ordinarily, the trial court's findings "are binding on appeal when supported by adequate, substantial, credible evidence." Ibid. (quoting Cesare, 154 N.J. at 411-12). Such deference "is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare, 154 N.J. at 412). "The trial court's legal determinations, in contrast, are reviewed de novo." Sipko v. Koger, Inc., 214 N.J. 364, 379 (2013).

The SDA requires a landlord to return a tenant's security deposit along with accrued interest "[w]ithin [thirty] days after the termination of the tenant's lease . . . less any charges expended in accordance with the terms of [the] . . . lease . . . ." N.J.S.A. 46:8-21.1. "Any deductions the landlord makes must be 'itemized,' and notice must be forwarded to the tenant." Reilly v. Weiss, 406 N.J. Super. 71, 80 (App. Div. 2009) (quoting N.J.S.A. 46:8-21.1). "If the

A-3467-19

landlord violates this section . . . the tenant may bring suit, and 'the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.'" Ibid. (second alteration in original) (quoting N.J.S.A. 46:8-21.1).

We see no reason to disturb the trial court's factual findings. There is no dispute that defendant terminated plaintiff's lease effective May 31, 2019, nor is there any dispute that defendant failed to return the security deposit, "less any charges expended in accordance with the terms of [the] . . . lease . . ." within thirty days of the lease termination, as required by the SDA. We are required, however, to review legal determinations of the trial court, and we are constrained to vacate the trial court's treble damages order. The penalty language in the SDA reads as follows:

> In any action by a tenant, licensee, executor, administrator or surviving spouse, or other person acting on behalf of a tenant, licensee, executor, administrator or surviving spouse, for the return of moneys due under this section, the court upon finding for the tenant, licensee, executor, administrator or surviving spouse shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.
>
> [N.J.S.A. 46:8-21.1 (emphasis added).]

4

Here, plaintiff's original security deposit of $1,591.26 should have been doubled to $3182.52. While the SDA contemplates the offset of "any charges expended in accordance with the terms of [the] . . . lease . . ." when calculating the amount of security deposit to be returned to the former tenant, no such proofs were presented by defendant at trial. Costs of forty-two dollars were awarded to plaintiff by the trial court, and we add those costs to the modified award.

While not raised as an appeal issue, the record shows defendant's executive director requested a trial adjournment due to the unavailability of counsel. The trial court denied the request and proceeded with trial. "[A]ny authorized officer or employee may prosecute and defend on behalf of a party which is a business entity, whether formally incorporated or not, claims originating with and not held by transfer or assignment to that business entity . . . ." R. 6:11. Defendant was not required to be represented by counsel in this Small Claims matter. Any remaining arguments by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part. The judgment of the trial court in the amount of $4,590.78 is vacated, and the matter is remanded for the court to enter an amended judgment for plaintiff in the amount of $3,224.52.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3467-19